## SMITH v. DAY et al.

(Circuit Court, D. Oregon. September 12, 1902.)

No. 2,307.

1. APPEAL—REVERSAL—EFFECT OF REMAND FOR NEW TRIAL.

Where the opinion of the appellate court determined every issue upon which plaintiff based his right of recovery adversely to his contention, it cannot be inferred from the fact that a judgment against him was reversed because of errors on the trial, and the cause remanded for a new trial, that such court intended to hold that the evidence was sufficient to sustain a verdict in his favor.

2. Negligence—Failure to Give Notice of Firing Blast—Immateriality.
     A plaintiff who was injured by a rock thrown by a blast made by
     defendants after he had gone on board a boat lying at a nearby wharf,
     as a passenger, cannot recover for the injury on the sole ground that
     defendants were negligent in failing to give notice of the intended firing
     of the blast, where it appears from his own testimony that he heard
     blasting, and understood that it was being carried on, when he went
     on board, some half an hour or more before the accident.

At Law.   On motion for new trial.

A. S. Bennett and G. W. Allen, for plaintiff.

John M. Gearin and W. L. Boise, for defendants.

BELLINGER, District Judge.   The plaintiff was a passenger on
board the boat of The Dalles, Portland & Astoria Navigation Company, lying at a wharf on premises reserved by the government for
the locks then in course of construction at the Cascades of the Columbia river.   With other passengers en route for Portland, he went
upon such boat shortly before or about the time the contractors in
charge of said work began firing blasts in the rock excavations that
were being made, and was struck on the head by a rock from one
of the blasts, which crashed through the top of the boat into the forward cabin, where he was.   The case has been heretofore twice tried,
and the facts in greater detail will be found in the opinion of this
court in 86 Fed. 62, and in the opinion of the circuit court of appeals in 40 C. C. A. 366, 100 Fed. 244, 49 L. R. A. 108.   On this
trial the jury found for the plaintiff, and assessed his damages at
$2,000.   The defendants move for a new trial because of alleged errors
of the court in giving and refusing certain instructions, and of the
insufficiency of the evidence to sustain a verdict.

The negligence relied on consists in the alleged failure of the defendants to give plaintiff notice that blasts were about to be fired,
in their failure to cover such blasts, and in firing them at said time
within such close proximity to the boat and its passengers.   In its
decision of the case, the circuit court of appeals says that the instructions of this court in submitting to the jury the question as to whether
the defendants were in duty bound to cover their blasts, or to await
the departure of the boat before firing them, were perhaps more favorable to the plaintiff than they should have been, and the court
agreed with the statement of this court on the motion for a new
trial that:

"The plaintiff and his fellow passengers went upon the premises where
the blasting was being done with their eyes open.   Their right there, whether
it was a right by sufferance or license, implied or otherwise, was subordinate
to the right of the defendants to prosecute the work in which they were
engaged.   These passengers assumed all risks necessarily incident to such
work prosecuted with skill and reasonable care,—such care as is usually
employed under like circumstances.   They had a right to expect, and are
presumed to have relied upon, this degree of care."

In view of this intimation and holding by the appellate court, the
only ground of negligence insisted upon on the last trial was the alleged failure of the defendants to give notice that blasts were about
to be fired, and the case for the plaintiff was submitted to the jury
upon that single question.   The plaintiff testified on the first trial

that when he got to the boat he heard blasting, and understood that it was being carried on, and this is a fact conceded in the case. With this information, he went upon the boat and played a game of cards, after which he talked with the steward for a few minutes, and then sat down in the forward cabin and went to sleep. While sitting in that position, he was injured. This admission of knowledge disposed of the question of notice, and left nothing to be submitted to the jury.

It is argued for the plaintiff that the court of appeals must have concluded, from the fact that the case was remanded for a new trial, that there was evidence sufficient to sustain a verdict. But there can be no such implication contrary to the finding and conclusions stated in the opinion. If the defendants were not required to cover their blasts, and if they were not required to delay firing them while the boat remained in proximity to the blasting, and if the plaintiff heard blasting when he went on the boat, and understood that it was being carried on for such a length of time before the accident as enabled him to play cards for about 15 minutes, and afterwards talk with the steward for a few minutes, and then go to sleep, what was there for the jury to find? The case has been twice tried, out of deference to the order remanding it for a new trial, and contrary to the opinion expressed by this court on the first motion for a new trial that there was and is nothing to try. It is not legally possible that this case was sent back for retrial to determine whether the defendants gave the plaintiff notice of what he himself says, and the appellate court says, he heard and understood. If the matter seemed in the least doubtful, I should feel disposed to deny this motion in order that it might be speedily determined in the court of appeals. There is the further fact that, on the trial preceding the last, the plaintiff's attorneys, in arguing the question of contributory negligence to the jury, stated, in effect, that the plaintiff was in as safe a place as he could get at the time of the accident; that it was not reasonable to expect that he should seek safety on the shore; and that there was no more safe place on the boat than the place he was in. And I am of the opinion that such is the fact. It is in evidence that the other passengers on the boat went into the forward cabin, where the plaintiff was, to get out of danger from flying débris. It does not appear that any other place was at any time resorted to for such purpose, and if the question of prudence is to be decided by the standard of the average conduct of those similarly situated, as it should be, it must be presumed that the plaintiff, unless the fact that he went to sleep tends to prove the contrary, was in the exercise of reasonable care, and that, if the defendants had exercised the active diligence in his behalf which plaintiff claims was due him, it is not reasonable to suppose that his situation would have been altered.

The motion for a new trial is allowed.